Good morning, Your Honors. Devin Burstein, Federal Defenders, for Mr. Ciranda. I plan to save two minutes for rebuttal. In this case, the District Court could have properly excused a seated juror in favor of an alternate if that juror was unable to serve or disqualified from serving. That's the clear standard under Rule 24. In this case, the District Court excused a juror in... And one other thing. Yes, Your Honor. The discretionary review. Well, even if the government is correct that it's a discretionary review, and I find it difficult under this Court's en banc precedent in Berger to say that it would be. I know that there is significant prejudice, significant case law that's saying it would be a discretionary review, but Berger says that mixed questions with constitutional implications are de novo. But in any event, accepting for the purposes of this argument that it would be a discretionary review, there's two problems with what the District Court did. The first is the problem identified by this Court in Hinkson, and I know Your Honor was on the majority of that en banc panel. When Hinkson tells us that the first step of our abuse of discretion task, and I'm quoting, is to determine de novo whether the trial court, and here's the clear language, identified the correct legal rule to apply to the relief requested. If the trial court failed to do so, we must conclude it abused its discretion. That's this Court's en banc test of abuse of discretion. If there is nowhere in this record where you will find the District Court identifying the correct legal standard to apply, therefore, it's an abuse of discretion. Even if you're really not arguing structural error here, are you? Well, assuming. I mean, I'll be fair. Are you really arguing structural error here? Assuming you are going to get and agree with me that there was error, in the sense that the Fourth Circuit in Curbelo found a. . . Well, the Supreme Court's been pretty straight on the fact that this is not structural error. Olano is what you're. . . I believe, Your Honor, I don't want to put words in Your Honor's mouth, but I believe you're referring to the Olano case, and it's interesting. And as I was rereading it, Olano, specifically, there's a line in there, and he's saying in a very clear way for the Supreme Court, this is a plain error case. There was no objection below, so they looked to the plain error standard. I think there would have been. . . And that's. . . Curbelo is very clear in distinguishing Olano on that point. We are in nowhere near plain error land. If. . . Depending on how we look at it, Your Honor, we could look at it as structural, or we could look at it as the Fifth Circuit has done and says, the prejudice here is in the context of the improper excusal. You don't. . . It's similar to a correct Batson argument, in the sense that prejudice is in the violation of the proper standard. And I would note that under the en banc decision in Hinkson, you wouldn't get past that legal error for abuse of discretion. You would have to send it back at that point. That's this Court's standard law. Beyond the procedural type of error, we have another type of error in the fact that, even had the Court put the right standard on the record and so you wouldn't be forced to reverse under Hinkson, I would still be asking you to reverse, because under the facts of the case, I would say that Ms. Leyva was neither. . . Well, certainly not disqualified. She wasn't a felon. There was no kind of categorical disqualification. And in terms of her ability, she was clear that she was able to serve. And I think what the government has done in their brief is a good job of parroting a one phrase. It's kind of like advertising. They're hitting you again with a seal bark cough. But in this type of case, you look at the record. The only coughing here, and I know we're talking about coughing, but the only coughing took place during the first day of trial. That trial transcript is 175 pages. Void year and jury selection take up 145 pages. 145 pages before they seated the jury. At that point, there's no issue. So the only thing we have. . . I mean, obviously, if she'd been seal bark coughing all day, they wouldn't have seated her. So we have 33 pages, and Your Honors are sure are very aware of how quick 33 pages of transcript go, where there may have been some issue. And then the judge says, Are you okay? Are you contagious? No, I'm not contagious. Yes, I'm okay. Great. We'll see you tomorrow. And I think it's really telling that had she been so distracting, I'm sure Your Honors would, you know, if you were sitting there had done taking some ameliorative action, so distracting that they couldn't understand the testimony. Not once does the court reporter say, I couldn't understand. Not once does the judge say, You know, we'd better hear from that witness again. Because that was so distracting, that I don't think the jury could have possibly heard it. That doesn't happen. Then she gets called in the next day. She says, Are you better? Yes, I'm better. Are you still coughing? Yes, I'm coughing, but it's not taxing on me. The judge says, Originally, maybe we'll just take you outside of the jury box. And then he doesn't ever follow that up. And under Ginyard, I know it's not binding on this court, but Ginyard says the court can't fail to take reasonable steps. Defense counsel is really clear. She says, Look, Your Honor, Ms. Burroughs says, Look, Your Honor, you suggested just putting her outside of the jury box and telling the jury she's not contagious. That's a great idea. Let's do it. And the judge just says, No. Doesn't try anything. Jumps to the ultimate excusal here, rather than trying something different. Let me ask you a question. I'm letting you put your argument in, because I know that's where you're focusing your argument. If the defense, and I believe you do, have the burden of bias, of proving bias or prejudice, what evidence is there in this record of bias or prejudice? The, every court to consider prejudice in this context has. We're not talking about harmless error review now. I'm with you. We're talking with bias or prejudice. I'm going to directly, directly answer your question. Every court that has considered prejudice in the context of Rule 24, has said that there is prejudice when the individual is not contagious. The excusal has happened without factual support or for a legal, irrelevant reason. That's Purdy, case from the Second Circuit, the Rodriguez case from the Fifth Circuit, and the Green case from the Eleventh Circuit. Every, there is not one court. Were those all cases where the jury was deliberating when the juror was excused? I don't believe they were all cases where they. I thought they were. He stole my question. Where they were, but even if that's the case that they were, that wouldn't change the prejudice analysis. I mean, the prejudice analysis would remain the same. I, I can understand creating a distinction there for some purposes, but when we're talking about improper excusal, if you're looking at the error, if you're trying to determine the prejudice from the error, you can't do it in a vacuum apart from the error itself. So the prejudice from the error is the legal error. In the Batson context, we don't look beyond the legal error, and we wouldn't here either. But Judge Smith, I want to go back to something, because I think it's an important point that, that I think you might be skeptical on, and I want to touch on it. If you agree with me that there is error, and you want to apply the harmless error test. Then it's the government's burden in my book. Exactly. You, you really have to direct that question to them, because. I understand. Okay. I understand that issue. That's why, that's why I prefaced my question about the issue I wanted you to address. Yes, Your Honor. And I would, I would submit on the, on the reasoning of Purdy, Rodriguez, and Green. As the direct answer to your question, I have 1 minute and 52 seconds I'd like to save for rebuttal. All right. Good morning, Your Honors. Aaron Clark for the United States. May it please the Court. The, the record here is clear, Your Honors, that the judge is well within his discretion to have excused Ms. Leyva. Ms. Leyva had bronchitis. She had been coughing. The appellant points out that we're, it was only on the first day of trial, but we were on the first witness of the first day of trial, when at the end of the direct testimony, the judge stopped proceedings and asked Ms. Leyva if she was okay. When she, when she said she was getting over bronchitis, she was called to a sidebar, where the judge described it as a mean cough. She said she was fine. She clearly wanted to stay on the jury, because the judge let her go home and come back the next day. The next day, things had changed a little bit, in that someone on the jury had been concerned enough that they sent an email to the judge, saying, I'm concerned about Ms. Leyva for two reasons. One, I'm concerned she's contagious. Second, she's distracting to me. And because of that, and because Ms. Leyva admitted that she was still coughing, she was probably going to be coughing for a week, the judge said that it would probably be best to have her excused. And when the judge talked to the jurors afterward, explaining why Ms. Leyva had been excused, that she had been a distraction, several of the jurors nodded vigorously in the affirmative, and two of the jurors audibly thanked the judge for having excused Ms. Leyva. I mean, I think the record is clear here, and as it talks about in some of the cases, we can't be looking at this appellate, well, an antiseptic appellate record is what we're looking at. The judge was clearly the best person to be making the call. He was there, he was looking at the jurors, he was observing things, and he was within his discretion to excuse her under Rule 24C. What are you going to do with his argument that Batson, or excuse me, Hickson said what needed to happen in this particular matter, and the judge didn't follow? Well, Your Honor, I was familiar with that. I mean, given that I was on that opinion, I thought you'd be prepared for that question. Okay. Your Honor, if the court looks to all of the cases that have been cited by both counsel, whether it's under Rule 24C or under Rule 23, there is not a single instance where the district judge has said, I find under Rule 23, or I find under Rule 24 that this juror is disqualified, or this juror is unable to perform services. That has never been a requirement with these types of cases, and it shouldn't be now. Rule 24C does not require that the judge make a finding. It just requires that the juror have been unable to perform or disqualified from performing, and the record is amply clear that the judge was well aware of that standard when he excused Ms. Laba. So the fact he didn't say the rule, he was applying it anyway, is that where I'm supposed to go? Yes, Your Honor, it is. Do you think that satisfies the language in Hickson? I think it does. I think it does, because it is abundantly clear that that's what the judge was operating from. This isn't an instance where a judge is trying to decide a motion to dismiss or whether this is some entangled legal analysis the judge has to perform. The judge just gets to make the call, can this juror continue to serve or not? Is this juror going to be a distraction to herself, to the rest of the jurors, or not? The judge made that call and excused her. So, Your Honor, as this Court has also pointed out, there is no prejudice here. There have been no qualms that have been raised about the alternate that replaced Ms. Laba. Mr. Saranda was tried by a jury of 12 of his peers, and there were no issues raised with those jurors, and he was convicted. So unless the Court has any other questions on this case, the government is prepared to submit. Thank you. Unless you have questions, Judge Fletcher? Well, I guess I would ask one question. Isn't the government or the defendants' burden to show that there was no prejudice? Well, I think it's definitely the, I would say it's the defendants' burden to show that there's no prejudice. As in Alexander, a case out of the Ninth Circuit here, says that not only do they have to show that it was an abuse of discretion by the District Court, but that the defendant also suffered from bias or prejudice in some way. I recognize that he's tried to make a constitutional claim out of it and say that we have to prove that it's harmless error beyond a reasonable doubt, but that simply does not comport with the case law in the Ninth Circuit. Thank you. Thank you, Your Honors. Counselor, you have a couple of minutes, I guess, or close. Thank you very much, Your Honor. I want to address Judge Fletcher's question, and then I want to address your question about Hinkson, Your Honor. Judge Fletcher, in terms of the prejudice inquiry, clearly if it's a constitutional error, the government bears the burden of proving it's not harmless beyond a reasonable doubt. But under this Court's decision in myriad cases, including the recent decision in Lyra, even if you find it's not a constitutional error, under the harmless error standard, they would have to prove it's more probable than not that it didn't materially affect. We're talking harmless error review in that instance, are we not? She really wasn't talking about harmless error. She was talking about prejudice or bias. The fact of the matter is if you find error, when you're going to look, we don't prove it's not on our ‑‑ it wouldn't be our burden, prejudice. The harmless error review, the second part of it, the prejudice, the first part is, is there error? I don't know how you get around Trigg at 988 Fed Second without suggesting that it's your burden to show an absence of bias or prejudice on the defendant. Well, Your Honor, it's the ‑‑ I would say that the way you don't look. You want me to cite the language? No, no, I know the language, Your Honor. When you have an unquantifiable error, in the sense that we don't know how Ms. Laba would have heard the testimony, that's an impossibility. And certainly in all of this court's harmless error jurisprudence, which is not divorced from the prejudice inquiry, they are the same, it's the government's burden. But I want to move on to your decision in Hinkson, because the government just flat gets it wrong there. Starting on the pin sites of 1261, 1262, the first step in our abuse of discretion review is to determine whether the court identified the correct legal rule. And Hinkson says the very same thing again. First, we look to whether the district court identified the correct legal standard. Hinkson is straightforward and clear. It sets forth this court's abuse of discretion test. Nowhere in the record does the court identify the correct legal standard. Therefore, under Hinkson, you are compelled to send this back. Thank you. We appreciate the argument in United States versus Saranda Sanchez. And case 10-50392 is submitted. We will now move to case 10-55100, Roxbury Entertainment versus Penthouse Media Group. And that was removed from the calendar this morning on a settlement and therefore is dismissed.
judges: Gwin, Fletcher B. , Smith N. R.